Decided 31 July, 1899.

## TONGUE *v.* BREWSTER.

[58 Pac. 38.]

VACATING JUDGMENT.—An appeal from an order refusing to vacate a judgment will be dismissed where the only purpose of the application to vacate is to get a new judgment entered from which an appeal may be taken, the petitioners having allowed the time to expire within which they might have appealed from the judgment moved against.

From Washington:    THOS. A. McBRIDE, Judge.

Motion to dismiss an appeal.         DISMISSED.

*Mr. Thos. H. Tongue, in pro. per.*, for the motion.

*Mr. Schuyler C. Spencer, contra.*

PER CURIAM. This is a motion to dismiss an appeal. Thomas H. Tongue obtained a judgment against W. L. Brewster and others in the circuit court on July 29, 1897, and on the eighth of April, 1898—more than six months thereafter—they moved to set it aside upon the ground that it had been inadvertently entered and signed, and filed affidavits in support of the motion, which, being overruled, the defendants appeal.

It is alleged, among other things, that the defendants and their attorneys made inquiries of the clerk and the judge of the court below from time to time within the six months given for an appeal, and near the expiration thereof, as to whether a judgment had been given and entered in the cause, and that they had invariably received replies in the negative ; that other inquiries had been made of the plaintiff, and of the referee before whom the case was tried, with the same result ; that the information thus obtained was incorrect and misleading, and that, relying thereon, the defendants inadvertently allowed the time for appealing to elapse, and

hence have lost their right of appeal. They ask, in effect, that said judgment be set aside to enable them to except to certain findings and conclusions of the court below, and to save their right of appeal. The application is a novel one, and is made under Section 102, Hill's Ann. Laws. Ordinarily, a party to a motion of this kind seeks relief from an order or judgment against him, so that he may be let in to defend upon the merits of the case. The sole purpose of the motion interposed, however, was to have the judgment vacated, that the defendants might be let in to except to the findings of the court, and prosecute their appeal within the statutory time after the judgment was again entered. It was not designed to have a new trial awarded, or a new hearing upon the merits, but merely that the defendants might be accorded the privilege of putting their case in such a condition that the errors of the trial court may be made available for review in this court. It is not claimed that judgment would have been different but for the inadvertence, but that it had been entered at a time of which they were not apprised by the inquiries inaugurated; and it may be doubted whether the statute was designed to relieve against such a case. However this may be, it appears that the judgment of July 29, 1897, was given and rendered in open court, and a minute thereof made by the clerk upon the appropriate record kept for the purpose, and was in due time regularly entered. This, of itself, was ample notice to the defendants, especially as they had participated in the trial, and expected the court to take action in the premises. They could easily have consulted the record, and ascertained therefrom the true condition of the case; but, not having done so, the neglect was inexcusable, and they ought not to be relieved from the judgment upon the showing made, especially for the purpose of having another of the same sort en-

tered in order that they may prosecute an appeal.   In the light of these considerations, the motion ought to be allowed, and the appeal dismissed, and it is so ordered.

DISMISSED.