Motion to dismiss appeal allowed September 22, 1925.

## C. J. HAAS *v.* WILLIAM SCOTT ET AL.

### (239 Pac. 202.)

**Appeal and Error—Appeal Dismissed, Where not Taken in Time.**

1. Where notice of appeal was filed more than sixty days after the entry of decree, contrary to Section 550, subdivision 5, Or. L., appeal must be dismissed.

**Judgment—Attorneys not Moving for Rehearing Within Reasonable Time After Receiving Copy of Findings not Entitled to have Judgment Set Aside.**

2. When attorneys for defendant received copy of the opinion and findings, it was their duty to apply to the court for further consideration of the case within reasonable time after receiving

---

2. See 15 R. C. L. 707.

the copies, if they desired the trial court to change the decision, and a motion to vacate the decree, on ground that decree was erroneous as not based on issues, would be denied, where made more than five months after entry of decree, and more than sixty days after notice of decree.

**Judgment—Reliance on Clerk's Statement That Decree was not Filed not "Excusable Neglect."**

3. That defendant's attorney had been informed on inquiry from deputy clerk that decree was not on file, though the record showed the contrary, was not surprise, mistake or excusable neglect, within Section 103, Or. L., authorizing the vacation of judgments after the time limited by the Code.

**Appeal and Error—Appeal Dismissed, Where Lower Court had No Jurisdiction.**

4. Where only object of motion to vacate decree was to secure an appeal, the time for appealing from the decree having expired, the lower court had no jurisdiction, and appeal from order denying motion must be dismissed.

**Judgment—Decree, Rendered upon Findings of Fact and Conclusions of Law, cannot be Set Aside on Ground of Mistake or Surprise.**

5. Where decree was rendered on findings of fact and conclusions of law, and where the legal effect of the decree is to follow the findings of fact and the conclusions of law, it will not be set aside on the ground of mistake and surprise, under Section 103, Or. L., because it would result in no advantage to the parties, as a verdict or findings would stand even if the judgment were vacated; any new judgment rendered must in legal effect be the same as the one vacated.

---

See (1) 3 C. J. 1067.    (2) 34 C. J. 260.    (3) 34 C. J. 305.    (4) 3 C. J. 1054; 4 C. J. 581.    (5) 34 C. J. 296.

From Jackson: A. L. LEAVITT, Judge.

In Banc.

MOTION TO DISMISS APPEAL ALLOWED.

For the motion, *Mr. Porter J. Neff.*

*Contra, Mr. W. E. Phipps.*

BEAN, J.—Plaintiff moves for a dismissal of this appeal upon the following grounds:

(1) That this court has no jurisdiction of this appeal from the decree herein because the notice of ap-

---

3.  See 15 R. C. L. 710, 712.
5.  See 15 R. C. L. 604.

peal was given and filed more than sixty days after the entry and docketing of such decree.

(2) This court should not entertain the appeal from the order of the court below refusing to vacate said decree because the motion to so vacate said decree having been made at a term of the court below subsequent to the term at which said decree was rendered and docketed, said court had no jurisdiction to vacate the decree except pursuant to the powers conferred upon it by Section 103, Or. L., and further, because no showing was made in the court below which would have warranted it in vacating said decree in pursuance of said Section 103, Or. L.

For the purpose of an understanding of the record and as a setting of the case, or as a matter of description, and not as a decision, it is necessary to refer to some of the facts leading up to the point at issue as disclosed by the record.

The defendants Scott and wife were the owners of a large tract of land in Jackson County, Oregon, described in the complaint, which was mortgaged to the Jackson County Bank. They subsequently conveyed the land to the Rogue Valley Realty Company, a corporation in which Scott and his wife were the principal stockholders. The Jackson County Bank afterward foreclosed its mortgage and sold the land under the decree, the bank being the purchaser. The time for the redemption to expire was March 9, 1921. A short time before that date, in order to prevent the perfection of the title to the land in the bank, Scott commenced negotiations with plaintiff, Haas, for funds to make the redemption. The negotiations culminated in a written contract, dated March 7, 1921, between Haas and the Jackson County Bank, whereby Haas, at the instance of Scott, was to pay the bank

the amount due it upon the land, amounting to $11,993.74, and obtain title to the land, as he alleges in his complaint, as security for the money paid the bank to redeem the same. As shown by the contract, Haas paid the bank the sum of $7,783.50 cash, and by the terms of the contract agreed to pay the balance of $4,210.24 on or before sixty days from that date, with interest at 8 per cent.

The contract recites, among other things, in substance, that Scott was desirous of redeeming the property and had procured Haas as a purchaser. The writing further recites that the understanding was that the bank should procure a sheriff's deed to the realty on March 9, 1921, and upon the payment of the balance, plus interest, it would execute and deliver to Haas, or any person designated by him, a warranty deed to the real property. The time for the payment by Haas of the balance of $4,210.24 was extended from time to time by the bank. At the time of the trial of the case Haas had not paid such balance nor received a deed to the land. Haas alleges that he has paid the bank $392.80 as interest on such balance. The defendants retained possession of the land.

Plaintiff commenced this suit to recover from Scott the amount advanced to redeem the land, with interest; to have it decreed that plaintiffs holds the equitable title to the premises as security for the repayment to him of said amount; and that "said equitable interest * * be sold" to satisfy the decree; and that the interests of the defendants in the land be foreclosed, subject to redemption. The defendants in their answer, in effect, set forth an oral agreement in regard to the redemption of the real property and the advancement of the funds by plaintiff, mingling the matter with an irrigation project intended to supply

water to the land and claiming that plaintiff was to
have a one-half interest in the premises under certain
enumerated conditions in liquidation of the cash ad-
vanced.

After the trial the learned judge took the case un-
der advisement for the purpose of affording counsel
an opportunity to submit briefs, and upon his return
to Klamath Falls, in his own district, prepared a
written opinion and findings of facts and conclusions
of law and a decree, and forwarded the same to the
county clerk of Jackson County. A copy of the opin-
ion and findings was mailed to and received by the at-
torneys who then represented defendants. The de-
cree was entered in the Circuit Court on August 21,
1924.

The crux of the findings of the trial court is in
effect that, as the plaintiff, according to the allega-
tions of his complaint, had agreed with Scott to fur-
nish the necessary money to redeem the premises
from the sale upon execution, and take title to the
land from the bank as security therefor, or, in sub-
stance, provided for the intended conveyance of the
realty to him to be in effect as a mortgage, and had
not completed the executory contract, and had not
paid the balance of $4,210.24, that plaintiff, having
complied in part only with his contract of purchase,
was not in a position to maintain his suit in equity
against defendants.

As to the cross-demand of defendants, the trial
court held that the alleged agreement set forth in
defendants' answer, between Haas and Scott, leading
up to the contract with the bank, whereby defendants
claim that plaintiff should eventually have one half
of the real property; whatever the agreement was
"rests wholly in parol" and is within the statute of

frauds and unenforceable. It is stated in the opinion thus:

"If the alleged agreement between Scott and Haas is as contended by plaintiff the *title* to the property in suit was to be held by plaintiff Haas, as security for the repayment to him of the amount paid Jackson County Bank for the title."

As a conclusion of law the court found "that plaintiff's suit should be dismissed for want of equity." The decree was to the same effect.

On January 30, 1925, defendants' counsel filed a motion, supported by affidavits, to vacate the decree herein, and for the entry of a decree upon the issues raised by defendants' answer, and upon the further ground that the defendants made numerous inquiries of the county clerk as to whether or not the decree had been filed and was advised by the clerk that no decree had been filed and that only the findings had been filed; that this error of the clerk was not discovered until several months after the decree had been entered, on March 2, 1925. The court denied the motion to vacate the decree.

It appears that the defendants were informed of the entry of the decree about November 9, 1924. On April 7, 1925, the defendant served and filed a notice of appeal to this court from the order denying the vacation of the decree and also from the original decree of August 21, 1924.

1. The appeal from the original decree was attempted to be taken by serving and filing a notice of appeal more than sixty days after the entry of the decree. This was not a compliance with the statute, Or. L., Section 550, subdivision 5, and the appeal from the original decree cannot be maintained.

2. Defendants contend that the motion to vacate the decree was made "to induce a revocation of a misleading erroneous decision and the entry of one based upon the issues," differing from the one entered. The defendants were fully apprised of the decision of the court when the copy of the opinion and findings were received by their attorneys. If the decision was "erroneous" and they desired a different finding to be made by the trial court in the cause, it would seem that they should and would have applied to that court for further consideration of the case, either for a rehearing or a further hearing within a reasonable time after receiving a copy of the findings. This was the duty of the defendants if they desired the trial court to change the decision. Such a step was not taken. The defendants are not entitled to relief upon their motion.

The findings clearly indicate a want of equity in the case. What, then, was the proper decree that the defendants might have expected to be entered? This question is answered by Section 411, Or. L., which reads in part as follows:

"Whenever upon the trial it is determined that the plaintiff is not entitled to the relief claimed or any part thereof, a decree shall be given dismissing the suit. * * * "

Therefore, the proper decree was entered according to the findings of the court. Unless the findings were materially altered, after the decree had been vacated, another decree of the same purport would necessarily have been entered.

What would have been the effect of such a re-entry of the decree? Simply to change the date and allow the defendants to take an appeal.

Did the Circuit Court have jurisdiction to make such a change on the motion of the defendants? If there was a want of authority in the Circuit Court to so act, then this court is without jurisdiction to further consider the case and the appeal should be dismissed.

The term at which the decree was entered, and the time for the court to make any correction of, or to change the decree upon such a motion, had concededly expired. Section 103, Or. L., affords the only other remedy for relief from a decree, except by an appeal within the statutory time, or some other appropriate proceeding. Section 103 provides thus:

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this Code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

*Tongue* v. *Brewster,* 35 Or. 228 (58 Pac. 38), is a case where the defendant, on misleading information from the county clerk, allowed the time for appeal to expire and moved to vacate the judgment on the ground of inadvertence. The case is practically like the one in hand. On appeal, this court held, as shown by the opinion at page 229 of the Oregon Report, which read thus:

" * * The sole purpose of the motion interposed, however, was to have the judgment vacated, that the defendants might be let in to except to the findings of the court, and prosecute their appeal within the statu-. tory time after the judgment was again entered. It

was not designed to have a new trial awarded, or a new hearing upon the merits, but merely that the defendants might be accorded the privilege of putting their case in such a condition that the errors of the trial court may be made available for review in this court. It is not claimed that judgment would have been different but for the inadvertence, but that it had been entered at a time of which they were not apprised by the inquiries inaugurated; and it may be doubted whether the statute was designed to relieve against such a case. However this may be, it appears that the judgment of July 29, 1897, was given and rendered in open court, and a minute thereof made by the clerk upon the appropriate record kept for the purpose, and was in due time regularly entered. This, of itself, was ample notice to the defendants, especially as they had participated in the trial, and expected the court to take action in the premises.''

3. The decision in the latter case is peculiarly applicable to the case at bar. In the instant case, as shown by affidavits, one of the attorneys for defendants inquired of the deputy clerk, a lady, if the decree had been entered, and another attorney interested in the result of the suit, as affecting the contemplated irrigation project, but, as he states, not connected with this suit, made several similar inquiries of the deputy clerk, with like results. It does not appear that either of the attorneys examined the record of the suit. The defendant had received a copy of the findings and would necessarily be expecting an entry of the decree, which was made in the public records of the court. Again quoting and adopting, ''this of itself was ample notice to the defendants.'' They could have easily examined the records.

There is no contention made that there was any surprise or mistake on the part of the defendants in so far as the findings of fact and conclusions of law

are concerned. The showing made by the defendants does not bring the case within the purview of Section 103, Or. L. The decree was not taken against defendants through their "mistake, inadvertence, surprise or excusable neglect." The only mistake claimed was made after the decree was rendered and entered, in a failure to examine the records or to ascertain what proceedings had been taken after the service of the copy of the findings of fact. The original entry of the decree, signed by the circuit judge, is now with the other papers and pleadings in the suit, and it is not shown that it was not there at the time defendants made inquiry of the deputy county clerk.

4. Where a motion is made to vacate a decree, as in the present case, and the effect of granting the request would be solely to put the defendants in a position to take an appeal from the original decree and have the cause reviewed by this court, the defendants having allowed the statutory time for appeal to expire, the appeal from the decree denying the motion to vacate the decree should be dismissed. Section 103, Or. L., was not enacted for the purpose of giving relief in such a case as this. The trial judge plainly stated the reasons why the claim of the defendants, made in their answer and denominated a cross-complaint, was not allowed, and the defendants, having been promptly apprised thereof, and having failed for more than sixty days to suggest any change in such findings, have no legal reason now to complain in that regard.

5. It has been held that where a decree is rendered upon the findings of fact and conclusions of law or a verdict, and where the legal effect of the decree is to follow the findings of fact or conclusions of law or the

verdict, the same will not be set aside on the ground of inadvertence or surprise because it would result in no advantage to the party, as the verdict or findings would stand even if the judgment were vacated and any new judgment rendered must in legal effect be the same as the one vacated: *Clemmons* v. *Field,* 99 N. C. 400 (6 S. E. 790, 6 Am. St. Rep. 529). We quote from the opinion at page 402 of the Report, as follows:

" * * 'The statute, in conferring power, confines its exercise to judgments rendered under the specified conditions, and does not embrace such as necessarily follow the verdict, and the setting aside of which, without at the same time disturbing the verdict, would be of no advantage to the party; for it must again be entered in conformity to the jury findings. To vacate both is necessary to afford the desired relief, and this would be to grant a new trial, which can only be done at the term when it took place.' "

See, also, *Foley* v. *Blank,* 92 N. C. 476; *Winborne* v. *Johnson,* 95 N. C. 46; *Twitty* v. *Logan,* 86 N. C. 712.

34 C. J., p. 503 et seq., Sections 796 and 797, indicates that it is always proper, in construing a judgment or decree, to refer to the pleadings, and particularly to the findings of fact and conclusions of law of the court.

We have referred somewhat at length to the history and circumstances of the case, not for the purpose of indicating an opinion upon the merits, but simply for an understanding of the decree about which defendants complain as misleading. The merits of the suit are not involved in the consideration of this motion to dismiss the appeal.

The motion to dismiss the appeal is allowed and the appeal is dismissed.        APPEAL DISMISSED.