Argued January 24; reversed March 19; motion to recall
mandate denied June 11, 1935

# CLARKSON *v.* WONG ET AL.
### (42 P. (2d) 763, 45 P. (2d) 914)

*A. W. Norblad,* of Astoria (Norblad & Norblad, of Astoria, on the brief), for appellant.

*Frank C. Hesse,* of Astoria (Hesse & Franciscovich, of Astoria, on the brief), for respondent George Cobban, Jr.

RAND, J.   This is an action to recover for injuries alleged to have been sustained by plaintiff in a collision between two automobiles, one driven by plaintiff and the other by George Cobban, Jr.  The plaintiff named as defendants in the action not only Cobban, who was the driver of the car, but also George Wong, the owner, and Albert Wong, his nephew, and alleged in his complaint that Cobban and Albert Wong were the occupants of the Wong car at the time of the accident and were operating it as the agents of George Wong, the owner thereof, and demanded judgment against each of said defendants.

Each defendant separately answered, denying any liability upon his part, and Cobban set up contributory negligence of the plaintiff as a defense to the action against him.

At the close of the trial, a verdict was rendered in favor of the two Wongs but against Cobban for the sum of $10,611.55 and a judgment against him for that amount was entered in favor of plaintiff. After the entry of this judgment, Cobban moved for judgment notwithstanding the verdict. His motion was granted and the judgment previously entered was vacated and set aside and another judgment in his favor for costs was entered against the plaintiff. From that judgment, the plaintiff has appealed, assigning but one error, namely: The action of the court in setting aside the judgment against Cobban and in entering a judgment in his favor for costs. The ground urged in support of the motion was that the complaint failed to state a cause of action against Cobban and the action taken by the court was based upon section 2-1507, Oregon Code 1930, which provides as follows:

"When it appears from the pleadings that the court has not jurisdiction of the subject of the action or the person of the defendant, or that the facts stated in the pleadings of the plaintiff or defendant, as the case may be, do not constitute a cause of action or defense thereto, and that such objection has not been taken by demurrer or answer, on motion the judgment entered shall be set aside at the motion of plaintiff or defendant, as the case may be, and another judgment rendered accordingly, as the case may require."

Defendants' contention that the complaint does not state a cause of action against Cobban is based upon the defective manner in which the allegations of the complaint are made and not because of the lack of any material allegation. After alleging that George Wong was the owner of the automobile and was not present at the time of the accident, the complaint alleges that it "was being directly driven and operated by the de-

fendant, George Cobban, Jr., as the agent of the defendant, George Wong''; that both Cobban and Albert Wong, the nephew of George Wong, were occupants of the automobile at the time of the accident and were operating it ''under the authority, knowledge and consent of the said defendant, George Wong, and as his agents''. It also alleges that at the time of the accident the said defendant, George Wong, ''operating his said car by his said agents, George Cobban, Jr., under the control of said Albert Wong, drove and operated said defendant's car on the left-hand side of said highway in a careless, reckless and negligent manner, and at a speed greater than 25 miles per hour'', and charges that:

''That the said defendant, by his said agents, was reckless, careless and negligent in the following particulars, to wit:

A. In driving and operating his automobile on the left-hand side of said street.

B. In carelessly and negligently failing to have his autmobile under proper control.

C. In failing to yield the right of way to plaintiff's automobile * * *.

D. In failing to keep proper or any lookout whatsoever * * *.

E. In running his car into, upon and against the plaintiff's automobile.

F. In driving his said car at an excessive and unlawful rate of speed * * *.

I. That said defendant, by his said agents, did fail and refuse to pass the automobile of this plaintiff on the right, and did fail and refuse to give to plaintiff's automobile half of the main driven portion of said street, but in place and stead thereof did drive unto the left side of said Date Street and into and against the automobile of this plaintiff.''

It further alleges that, as a result of the careless, reckless and negligent acts of said defendant by his said agents, plaintiff's car was entirely wrecked and wholly destroyed and that plaintiff sustained the injuries complained of.

Instead of challenging the sufficiency of this complaint by demurrer or moving to make it more definite and certain as to Cobban, or any of the other defendants in the action, the defendants answered and later, upon the trial, objected to the introduction of any evidence upon the ground that the complaint failed to state facts sufficient to constitute a cause of action as to the defendant Cobban, which objection was overruled.

In *Cederson v. Oregon Navigation Co.,* 38 Or. 343 (62 P. 637, 63 P. 763), this court pointed out that a different rule will be applied in construing a complaint where it had been tested by a demurrer or motion from that which would be applied where an objection to its sufficiency was first made by an objection raised upon the trial to the introduction of evidence, saying:

"* * * It may be premised that, where the sufficiency of the complaint is drawn in question upon the admission of evidence, all intendments come to its support, whereas, if tested by a demurrer, it must be construed most strongly against the pleader."

Again, in *Keene v. Eldriedge,* 47 Or. 179 (82 P. 803), the rule was stated by this court as follows:

"* * * When a complaint is filed and a copy thereof served, the defendant is given an opportunity to test its sufficiency by interposing a demurrer or motion, but, when he neglects to do so and answers to the merits, intending to question the adequacy of the pleading at the trial, by objecting to the admission of testimony, every intendment in favor of the averments of fact should be invoked and the objections summarily

overruled, unless the complaint fails to state facts sufficient to constitute a cause of action, which defect is never waived nor cured by verdict."

See also *Peters v. Queen City Ins. Co.*, 63 Or. 382 (126 P. 1005), where it was held that the rule just referred to was applicable to an informal or defective statement of a good cause of action or defense.

■ Our statute provides that the complaint shall contain a plain and concise statement of the facts constituting the cause of action without unnecessary repetition: Subd. 2, section 1-604, Oregon Code 1930. The mere reading of this complaint shows that it contains an involved statement of a good cause of action although it contains numerous unnecessary repetitions and does not state the facts with that clearness required in good pleading. That, however, is not a ground of demurrer. A good cause of action may be defectively stated and be subject to a motion to make more definite and certain without being subject to demurrer. The rule stated in *Jackson v. Jackson*, 17 Or. 110 (19 P. 847), is applicable to this complaint. In that case this court said:

"* * * A pleading must contain facts sufficient to constitute a cause of action, suit, or defense; but a failure to state them with that clearness and perspicuity required in good pleading is not a ground of demurrer. It is not open to that character of objection, unless it fail to contain some material averment. If the facts necessary to constitute a cause of action, suit, or defense can be obtained by a liberal construction of the allegations in the pleadings, with a view to substantial justice between the parties, a demurrer to it should not be sustained. When the pleader alleges sufficient facts in such a case, but states them in such a vague and ambiguous manner that the precise nature of the charge or defense is not apparent, the remedy of the adverse

party is by motion to compel him to make it more definite and certain.''

■■ Under the allegations of this complaint, Cobban was the driver of the offending automobile and was driving it in a reckless and careless manner and on the wrong side of the street, and, while doing so, came into collision with plaintiff's automobile, severely injuring the plaintiff. He was one of the three defendants against whom the action had been brought and plaintiff was demanding a judgment against him. Under the facts alleged in the complaint, Cobban was liable for the resultant damage. The fact that he was operating the automobile at the time of the accident as the agent of another is no defense. It is an elementary rule of law that "where loss or injury is caused to a third person by the wrongful act or omission of an agent while acting on behalf of his principal, the agent is personally liable therefor, whether he is acting with the authority of the principal or not, to the same extent as if he were acting on his own behalf": Tiffany on Agency, p. 379, and authorities cited.

■ It is clear that the court had jurisdiction of the subject of the action and of the person of Cobban. The only ground, therefore, upon which the trial court was authorized to sustain the motion for judgment *non obstante veredicto* was that the complaint did not state a cause of action against Cobban. We hold, therefore, that the action of the trial court in sustaining Cobban's motion was erroneous since the complaint stated a good cause of action although the facts were defectively stated.

The judgment, therefore, will be reversed and the cause remanded with directions to reinstate the former judgment.

CAMPBELL, C. J., and BEAN and BAILEY, JJ., concur.

Motion to recall mandate denied June 11, 1935

ON MOTION TO RECALL MANDATE

(45 P. (2d) 914)

■ RAND, J. In the trial of this cause in the court below the jury returned a verdict in favor of two of the defendants, George and Albert Wong, and against the other defendant, George Cobban, Jr., and judgment was there entered accordingly. Instead of appealing from said judgment, as he could have done, the defendant Cobban moved for judgment notwithstanding the verdict. Had he appealed, all questions presented by the motion could have been determined and, if there was error in the trial, it could have been corrected. In granting the motion, the lower court set aside its former judgment and entered a judgment in favor of the defendant. Upon an appeal therefrom by the plaintiff, the action of the trial court, in granting the motion and setting aside the judgment in favor of the plaintiff, was reversed and the cause was remanded with instructions to reinstate the judgment first entered.

The defendant now moves this court to recall its mandate and permit the trial court to enter another judgment against the defendant so that an appeal therefrom by him may be taken, his time for appealing from the original judgment having long since expired. Neither this court nor the trial court has power to grant an appeal from a judgment rightfully entered after the time for taking the appeal has expired. Nor has either court the power, after the expiration of such time, to enter the same judgment a second time so that an appeal may be taken therefrom. And this is precisely what the defendant Cobban is asking this court to do.

In this state, the power to grant a motion for judgment notwithstanding the verdict is statutory and or-

dinarily, as was done in this case, the motion is made after the entry of a judgment in favor of the adverse party. Rules of practice of other states, where the common-law practice prevails, are inapplicable under the procedure prescribed by our statute. We, therefore, hold that it is beyond the power of this court to grant the motion. The motion is denied.

KELLY, J., not participating.