Submitted July 3, affirmed July 25, 1962

SLIPP ET UX *v.* AMATO ET UX

373 P. 2d 673

Donald C. Layman, Portland, for appellants.

No appearance for respondents.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

SLOAN, J.

This was a suit for the strict foreclosure of a contract for the purchase of real property. Following a trial, and on September 28, 1961, the court entered an interlocutory decree which required defendants to pay the balance found due on the contract on or before December 28, 1961, or thereafter their rights would be barred. On December 29, 1961, the court entered a decree which foreclosed all of plaintiffs' rights and interest in the property. On January 5, 1962, defendants filed a motion and affidavit alleging that they had then been able to obtain the money with which to redeem and asked the court to extend the period of redemption allowed in the interlocutory decree until January 27, 1962. Pursuant to

the motion and without notice to plaintiffs, the court entered an order extending the time in which defendants could redeem. Plaintiffs have appealed from that order.

■ ORS 1.055 gives to the courts the power to set aside or modify a decree within a reasonable time after the decree is entered. The exercise of the power is within the discretion of the trial courts. *Miller v. Miller,* 1961, 228 Or 301, 365 P2d 86. It cannot be said that from December 29, 1961, to January 5, 1962, was an unreasonable time. Nor can it be held that within the facts presented that the court abused its discretion.

■ We cannot approve a procedure whereby a decree is set aside or modified without notice to the other party. But we do not believe that in this particular case plaintiffs have shown any harm suffered by them. It is not claimed that the affidavit was false and that defendants could not redeem in full. It is not alleged that any damage had been done to the property. Assuming the allegation of the affidavit to be true, as we must in the absence of any denial, plaintiffs will receive the full relief they sought when they started the foreclosure proceeding. We are not satisfied that this order should be set aside because of the lack of prior notice.

■ Plaintiffs also complain in this appeal that the court erred in fixing the amount due when it entered the original interlocutory decree. That issue is not now available. Appeal should have been taken when the decree fixing the amount and awarding foreclosure upon failure to pay was entered in September 1961, ORS 19.010. That decree, although designated interlocutory, was a final adjudication as to the right to foreclose and the amount required to redeem. It

concluded every issue presented by the pleadings and evidence in support thereof. *Lyon v. Mazeris et al.,* 1943, 170 Or 222, 233, 132 P2d 982, where it was said:

> "The decree appealed from in the case at bar, although denominated interlocutory, was in effect final and not interlocutory, because determinative of the principal issue involved. The substance of the order, and not the name given it, establishes its nature."

That determination is now decisive.

Affirmed.