Argued October 7, affirmed December 16, 1964

KOENNECKE *v.* KOENNECKE

397 P. 2d 203

*Charles D. Burt,* Salem, argued the cause for appellant. On the brief were Burt & Ertsgaard, Salem.

*Gerald H. Robinson,* Portland, argued the cause for respondent. With him on the brief were Asher, Cramer & Cornilles, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell and Denecke, Justices.

DENECKE, J.

Plaintiff wife was awarded a divorce decree in June, 1963. Among other provisions, the decree awarded wife $75,000, payable commencing December, 1963. On August 8, 1963, the trial court entered an "Amended Decree of Divorce" reducing the amount of the decree to $50,000, payments to commence in November, 1963. On September 13, 1963, the trial court entered an "Order Modifying Amended Decree" which reduced the amount to $25,000 with payments commencing November 1, 1963. The wife appeals from this last decree only.

The record is ambiguous whether any additional evidence was received after the August eighth decree. We will assume that none was.

■■ The wife does not contend that the trial court could not initially have awarded a decree for $25,000. The wife challenges the jurisdiction of the trial court to subsequently change the decree without additional testimony being introduced.

"It is well settled that any order or determination of a court, although it be a final judgment or decree, may be altered, modified or reversed by the court making it, at any time, during the term at which it is made: *Deering & Co. v. Quivey (Deering v. Creighton)*, 26 Or. 556 (38 Pac. 710); *Ayers v. Lund*, 49 Or. 303 (86 Pac. 806, 124 Am. St. Rep. 1046); *Zelig v. Blue Point Oyster Co.*, 61 Or. 535 (113 Pac. 852, 122 Pac. 756); *First Christian Church v. Robb*, 69 Or 283 (138 Pac. 856). The reason is based on the old common-law fiction that the whole term is considered as being but one period of time, all parts of which are ever present before the presiding judge, who makes of it but one transaction, with the condition that when it has lapsed, either by adjournment *sine die* or by

operation of law, the whole matter has passed from the bosom of the court and beyond its control. * * *" *Anderson v. Anderson,* 89 Or 654, 657, 175 P 287 (1918).

A court in a divorce suit has this same power. *Lahey v. Lahey,* 109 Or 146, 219 P 807 (1923); *Miller v. Miller,* 228 Or 301, 304, 365 P2d 86 (1961).

The common-law rule limits the power to amend a decree to "during the term" in which the former decree, which is the subject of the amendment or modification, is entered. ORS 1.055 has changed this to "within a reasonable period of time." The decree amended is that of August 8, 1963. The further amendment of September 13, 1963, was within "a reasonable period of time."

Decree affirmed.