Argued May 8, affirmed September 27, 1973

BRAAT ET UX, *Appellants, v.* ANDREWS ET AL,
*Respondents.*
514 P2d 540

*Dennis D. Doherty,* Heppner, argued the cause for appellants. With him on the brief were Winter & Doherty and Herman W. Winter, Heppner.

*Steven H. Corey and George H. Corey,* Pendleton, argued the cause for respondents. With them on the brief were Corey, Byler & Rew, Pendleton.

O'CONNELL, C. J.

This is an action brought by plaintiffs to condemn an easement across defendants' land. Judgment was entered in favor of defendants. Plaintiffs appeal, contending that the trial court erred in entering an

Holman, J., did not participate in this decision.

order nunc pro tunc which awarded defendants their attorney fees.

Plaintiffs, relying upon ORS 772.305,[1] Art. I, § 18 of the Oregon Constitution,[2] and ORS Chapter 35 as amended in 1971, sought to condemn an easement across defendants' land for an irrigation pipeline. Defendants interposed a demurrer to plaintiffs' complaint, which was sustained on the ground that since plaintiffs were private citizens they did not qualify as "condemners" under ORS 35.215.[3] On September 5, 1972, judgment was entered dismissing plaintiffs' complaint and taxing costs and disbursements against plaintiffs. On November 24, 1972, the trial court entered an order nunc pro tunc as of October 12, 1972, allowing defendants' motion to open and modify the judgment to award reasonable attorney fees. On that

---

[1] ORS 772.305 reads in part, as follows: "(1) The United States, the state, or any person, firm, cooperative association or corporation, shall have the right of way across and upon public, private and corporate lands or other rights of way, for the construction, maintenance, repair and use of all necessary reservoirs, dams, water gates, canals, ditches, flumes, tunnels, pipe lines or other means of securing, storing and conveying water for irrigation or for drainage, or any other beneficial purpose, upon payment of just compensation therefor."

[2] Art. I, § 18, Oregon Constitution, reads: "Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered; provided, that the use of all roads, ways and waterways necessary to promote the transportation of raw products of mine or farm or forest or water for beneficial use or drainage is necessary to the development and welfare of the state and is declared a public use."

[3] "35.215 As used in this chapter, unless the context otherwise requires:

"(1) 'Condemner' means the state, any city, county, school district, municipal or public corporation, political subdivision or any instrumentality or any agency thereof or a private corporation that has the power to exercise the right of eminent domain."

same day, after a hearing, modification of the judgment was entered to include an award for attorney fees in the amount of $2,725.

Plaintiffs contend that defendants' affidavit in support of the motion to modify the judgment is not sufficient to justify granting relief from the judgment because it does not set forth any of the grounds for relief recited in ORS 18.160.④

■■ It is true that defendants have not shown any of the statutory grounds for relief. However, a court's power to vacate, correct or modify its judgment or decree is not limited to the circumstances described in ORS 18.160; in addition, the circuit judge has inherent power to modify its judgment, provided that it does so within a reasonable time.⑤

■ The question is, then, whether the trial court had the authority to amend the judgment to provide for an award of attorney fees. This precise issue has not been previously decided in Oregon, but we see no reason why attorney fees should not be the subject of an order modifying a judgment where justice so requires.

---

④ "18.160 Relief from judgment, decree, order or other proceeding. The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

⑤ Morphet v. Morphet, 263 Or 311, 502 P2d 255, 258 (1972); Koennecke v. Koennecke, 239 Or 274, 275-76, 397 P2d 203 (1964); Dugger et ux v. Lauless, 216 Or 188, 196-97, 338 P2d 660 (1959); Hubbard v. Hubbard, 213 Or 482, 486, 324 P2d 469 (1958). Until 1959 this inherent power of the court could only be exercised during the same term, but in that year ORS 1.055 was enacted, which provides that "[t]he existence or nonexistence of a term of court has no effect on the duties and powers of the · court * * * * *" if done "within a reasonable period of time." See Bailey v. Steele, 263 Or 399, 502 P2d 586, 588 (1972).

██ While the trial court thus had discretion to so modify its judgment, the question remains whether there were sufficient reasons for its exercise. In the absence of statute a defendant in a condemnation proceeding cannot recover attorney fees.[⊚] Defendants contend that the provisions for the allowance of attorney fees in condemnation cases contained in ORS 35.335 are applicable to them. ORS 35.335 provides as follows:

"(1) If an action is abandoned by the condemner, the court shall enter judgment in favor of the defendant for his costs and disbursements in the action and for reasonable attorney fees and reasonable expenses as determined by the court.

"(2) Expenses mean costs of appraisals and fees for experts incurred in preparing and conducting the defense to the action.

"(3) An action is considered abandoned if, at any time after filing a complaint, the case is dismissed or terminated or the condemner files an election not to take the property. If an election is not filed within 60 days after the verdict, the condemner is considered to have elected to take the property."

■ Plaintiffs develop two arguments in support of their contention that defendants may not recover their attorney fees under the above statute. First, it is argued that since the judgment was based on the fact that plaintiffs were not "condemners" within the meaning of ORS 35.215, they cannot be "condemners" for purposes of ORS 35.335. The language of the statute does not require this narrow reading. We think that the term "condemner" was used to mean the per-

---

[⊚] Multnomah County v. Burbank, 235 Or 616, 618, 386 P2d 444 (1963).

son who had brought the condemnation proceedings, whether or not he was qualified to do so.

Plaintiffs' second argument is that the object of ORS 35.335 was to "discourage harassment by condemners who would initiate repeated actions and then abandon them with impunity," and to "discourage the filing of actions not undertaken seriously * * * with intent to prosecute them to a verdict." Read in this way, plaintiffs argue that the term "dismissed" in ORS 35.335 (3) must be construed narrowly as meaning only a voluntary dismissal obtained by the condemner. Since defendants prevailed on their demurrer and secured the judgment of dismissal, plaintiffs argue that the case was not "abandoned" within the meaning of the statute.

■ Again, we regard this as an unnecessarily narrow interpretation of the statute. Under the statute defendant would be entitled to prevail if the case was dismissed upon the motion of the condemner, irrespective of the reasons which prompted such action, including circumstances where the action was undertaken seriously with the intent to prosecute it to a verdict but were later found to be impracticable or unnecessary. Then, too, it is possible that a plaintiff who qualifies as a condemner under ORS 35.215 (1) might, after the suit is filed, dismiss it, realizing that the complaint is subject to attack for any one of a variety of reasons (e.g., because plaintiff has no jurisdiction over the property sought to be taken, or because the taking is for a private purpose, etc.). Surely ORS 35.335 would apply when the action was dismissed upon the plaintiff's motion under these circumstances. The same result should obtain where the defect in the condemner's case brought to light by the

defendant's attack upon the complaint through a demurrer or answer, as a consequence of which an involuntary nonsuit is ordered. We cannot believe that the legislature would intend to make the defendant's recovery of attorney fees turn upon the happenstance as to whether the complaint was voluntarily dismissed by the plaintiff or upon the motion of the defendant.

Nor can we see any reason for making a distinction in the application of ORS 35.335 (1) between a case where the plaintiff falls within the definition of a condemner under ORS 35.215 (1) but for some reason is disqualified from bringing a condemnation action in the particular case and where, as in the present case, the plaintiff does not qualify as a condemner under the definitional statute.

It is our opinion that the trial court correctly applied ORS 35.335 to the present case and, therefore, we affirm the judgment.