Argued and submitted July 3, affirmed October 30, 1979

FAR WEST LANDSCAPING, INC.
*Respondent, Cross-Appellant,*
*v.*
PACIFIC CASCADE CORPORATION,
*Appellant, Cross-Respondent.*
MODERN MERCHANDISING, INC., et al,
*Respondents, Cross-Respondents,*

(No. 77-5-332, CA 12380, SC 26064)

601 P2d 1237

Ridgway K. Foley, Jr., of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, argued the cause for appellant, cross-respondent and respondents, cross-respondents. With him on the petition was Neva T. Campbell, Portland.

Daniel H. Skerritt, of Lindsay, Nahstoll, Hart, Neil & Weigler, Portland, argued the cause for respondent, cross-appellant.

Before Denecke, Chief Justice, and Holman, Howell, Lent, Linde, and Peterson, Justices.

HOLMAN, J.

Denecke, C. J., dissenting opinion.

**HOLMAN, J.**

Plaintiff brought a suit to foreclose a lien for landscaping work. The trial court found there was no valid lien but gave judgment to plaintiff for the reasonable value of the work. Subsequent to the trial and within the time during which defendant could appeal, defendant's lawyer called the trial judge inquiring whether the judgment for plaintiff had yet been signed. The trial judge mistakenly told her the judgment order had not been signed, when, in fact, it had been signed and entered. Defendant's lawyer requested that the court not sign the judgment order until after a certain date because she was going to be out of town and her clients might want to appeal. She did not want the time for appeal to elapse during her absence. The trial judge assured her he would accommodate her request. This arrangement was confirmed by letter to the judge from defendant's counsel, but no copy was furnished to plaintiff's lawyer.

Defendant relied upon the arrangement and did not discover the judge's mistake until it was too late to appeal. Defendant then filed a motion to set aside the judgment, pursuant to ORS 18.160, as one taken through mistake, inadvertence, surprise or excusable neglect. This motion was allowed, the judgment order was set aside by the trial judge, and a new, identical order was entered, thus allowing defendant time to appeal from the new order. It is clear that the only reason for the revocation of the original judgment order and the substitution of an identical one was for the purpose of allowing defendant additional time within which to appeal.

Defendant filed an appeal to the Court of Appeals from the second judgment and plaintiff moved to dismiss the appeal on the basis that the trial court had no authority to set aside its original judgment and enter the second one. The Court of Appeals allowed the motion to dismiss the appeal and this court granted defendant's petition for review.

[655]

In *Tongue v. Brewster,* 35 Or 228, 58 P 38 (1899), the plaintiff received judgment which was entered. The defendant inquired of both the clerk and the trial judge whether the judgment had been entered and was erroneously informed that it had not been. He did not discover he had been misled until after the time for an appeal had elapsed. He then filed a motion with the court to set aside the judgment under a statute which was the predecessor of ORS 18.160 and which contained substantially the same language. The trial court refused to set aside the judgment and the defendant appealed. The plaintiff, as in this case, filed a motion to dismiss the appeal in this court, which motion was allowed. The court said:

> "* * * Ordinarily, a party to a motion of this kind [under the predecessor of ORS 18.160] seeks relief from an order or judgment against him, so that he may be let in to defend upon the merits of the case. The sole purpose of the motion interposed, however, was to have the judgment vacated, that the defendants might be let in to except to the findings of the court, and prosecute their appeal within the statutory time after the judgment was again entered. It was not designed to have a new trial awarded, or a new hearing upon the merits, but merely that the defendants might be accorded the privilege of putting their case in such a condition that the errors of the trial court may be made available for review in this court * * * They could easily have consulted the record, and ascertained therefrom the true condition of the case; but, not having done so, the neglect was inexcusable, and they ought not to be relieved from the judgment upon the showing made, especially for the purpose of having another of the same sort entered in order that they may prosecute an appeal." 35 Or at 229-30.

In *Haas v. Scott et al,* 115 Or 580, 239 P 202 (1925), the defendant's attorney inquired of a deputy clerk and was erroneously told the decree had not been entered and, as a result, let the time for appeal lapse. This court indicated that the defendant's failure to examine the records, for the purpose of determining

[656]

whether the judgment had been entered, was not justified and said:

> "Where a motion is made to vacate a decree, as in the present case, and the effect of granting the request would be solely to put the defendants in a position to take an appeal from the original decree and have the cause reviewed by this court, the defendants having allowed the statutory time for appeal to expire, the appeal from the decree denying the motion to vacate the decree should be dismissed. Section 103, Or. L.  predecessor to ORS 18.160, was not enacted for the purpose of giving relief in such a case as this. * * *." 115 Or at 589.

Again, in *Western Land etc. Co. v. Humfeld,* 118 Or 416, 247 P 143 (1926), the defendant made inquiry of the clerk and was misled. A motion under the predecessor statute to ORS 18.160 was granted, allowing vacation of the decree and a new identical decree was then entered. A motion to dismiss the appeal from the substituted decree was allowed on the basis that the facts were insufficient to authorize the court to vacate the original decree and would amount to a nullification of the statute fixing the time within which an appeal could be taken. *Also see Tierney v. Duris,* 21 Or App 604, 611-12, 536 P2d 431 (1975).

■ In any event, ORS 18.060 can never apply. The present factual situation does not fall within the statute's provisions. The statute gives the trial judge authority to set aside a "judgment taken through mistake, inadvertence, surprise or excusable neglect." This judgment was not so taken. It *had been taken* several days before the facts upon which defendant now depends even occurred.

The next question is whether the trial court had the inherent authority to do as it did without regard to the requirements of ORS 18.160. The cases we have discussed do not consider that problem. With the exception of *Tierney,* they were all decided during a time when a common law rule required the court to exercise whatever inherent power it had to rectify a

mistake in a decree or judgment within the term during which the original decree or judgment was entered. Because term time had elapsed, this rule prevented the parties in the cases discussed from invoking any inherent authority the trial court might have to rectify mistakes and forced them to avail themselves of whatever benefits the predecessor of ORS 18.160 might afford them because it allowed a year in which to file the motion. In 1959 the legislature enacted ORS 1.055, which provided:

"(1) A term of court is a period of time appointed for the convenient transaction of the business of the court. The existence or nonexistence of a term of court has no effect on the duties and powers of the court.

"(2) Notwithstanding that an act is authorized or required to be done before, during or after the expiration of a term of court, it may be done within a reasonable period of time."

This statute removed the stricture of the common law rule upon the exercise of the inherent authority of the trial court to rectify its mistakes.

■■ There is no doubt but that under normal circumstances trial courts have inherent authority to vacate or amend their judgments. *Bakker v. Baza'r, Inc.,* 275 Or 245, 551 P2d 1269 (1976); *Braat v. Andrews,* 266 Or 537, 514 P2d 540 (1973); *Bailey v. Steele,* 263 Or 399, 502 P2d 586 (1972); *Morphet v. Morphet,* 263 Or 311, 502 P2d 255 (1972); *Koennecke v. Koennecke,* 239 Or 274, 397 P2d 203 (1964); *Slipp v. Amato,* 231 Or 512, 373 P2d 673 (1962); *Seufert v. Stadelman,* 178 Or 646, 167 P2d 936 (1946); *Jackson v. United Railways Co.,* 145 Or 546, 28 P2d 836 (1934); *Hudelson v. Sanders-Swafford Co.,* 111 Or 600, 227 P 310 (1924); *Lahey v. Lahey,* 109 Or 146, 219 P 807 (1923); *Ayers v. Lund,* 49 Or 303, 89 P 806 (1907). However, in none of these cases was the inherent authority of the trial court to rectify its mistake approved for the purpose of lengthening the statutory time for appeal. ORS 19.033(2) provides:

"The serving and filing of the notice of appeal as provided in ORS 19.023 to 19.029 is jurisdictional and may not be waived or extended."

It is our conclusion that in the face of the statute the trial court has no authority to set aside one judgment and enter another *for the sole purpose* of extending the time for appeal. Such action would be in direct contradiction of the statute.[1]

■ Defendant contends the Court of Appeals lacked jurisdiction to consider plaintiff's challenge to the circuit court's act of setting aside the original judgment because no notice of appeal referred to the order setting aside the original judgment; and, in any event, that order is not an appealable order, and the power of the trial court to enter the order is the basic issue involved. Defendant has overlooked ORS 19.140, which provides that

"* * * the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from * * * ."

The judgment defendant appealed from is the second judgment. There would seem to be no reason why this statute should not be applicable in situations in which the court is considering whether the judgment from which an attempted appeal is taken is an appealable judgment. In making such a determination the appellate court must decide whether the trial court had authority to enter the order (intermediate order) setting aside the original judgment.

■ Defendant also contends the trial court correctly set aside the original judgment because of the failure of the clerk of the court to comply with ORS 18.030, which provides:

" * * * The clerk shall, on the date judgment is entered, mail a copy of the judgment and notice of the

---

[1] *See Clarkson v. Wong,* 150 Or 406, 413, 42 P2d 763, 45 P2d 914 (1935), which indicates that neither the appellate court nor the trial court has the authority, after the expiration of the time for appeal, to enter the same judgment a second time so that an appeal may be taken therefrom.

> date of entry of the judgment to each party who is not in default for failure to appear. The clerk also shall make a note in the docket of the mailing. * * * ."

While the legislative history of Or Laws 1973, ch 207, § 1, which enacted the language set forth above, is equivocal on the subject and there is some discussion which aids defendant's contention, the legal effect of the judgment, for purposes of appeal, should not be impaired by the clerk's failure to comply with an administrative duty, without language in the statute which clearly indicates it was intended as an exception to the provisions of ORS 19.033(2). It may be the clerk is responsible to the defendant for any damage it may have suffered as a result of the clerk's failure to comply with the statute, but the clerk's failure, in our opinion, does not invalidate the judgment or require its re-entry.

The dismissal of defendant's appeal by the Court of Appeals is affirmed.

**DENECKE, C. J.,** dissenting.

In the interest of preserving the consistency and stability of the law, courts must sometimes reach a result which in a particular case seems manifestly unfair. The facts of this case indicate that counsel for the defendants took every reasonable precaution to insure that her clients' statutory right to appeal would not be surrendered by default. She telephoned the trial judge to inquire if he had signed the judgment order and was told, incorrectly, that he had not done so. She asked the judge to refrain from signing the order until she returned from a trial in Wallowa County, and he agreed to wait. She never received the notice of entry of judgment that ORS 18.030 requires to be mailed to the parties, because the clerk never sent it. As the trial judge stated in his letter opinion setting aside the first judgment, "I don't know what else she could do." The errors that resulted in the failure to file a timely

notice of appeal were those of the trial court and of the clerk.

The majority recognizes what happened and why, yet it feels compelled to hold that the defendants must suffer for the mistakes of the court and of the clerk. Were this outcome a necessary concession to the greater values noted above I would, however uncomfortably, join in the opinion of the court. In this case, however, neither precedent nor policy compel such an inequitable result. In my opinion the trial judge had ample authority to temporarily suspend a judgment, in order to obviate the damage caused by his own oversight.

The majority opinion considers two possible sources of authority for the action taken by Judge Jacobs: ORS 18.160[1] and the inherent power of the court to rectify a mistake in a judgment. I agree that ORS 18.160 does not afford relief in the particular circumstances of this case, for the second reason stated by the majority. The defendant does not seek relief from a judgment "taken against him through his mistake, inadvertence, surprise or excusable neglect." The misleading statement by the trial judge occurred after the judgment had been taken. Thus the statute, read literally, does not apply to the facts of this case.

The inapplicability of ORS 18.160 does not detract from the inherent power of the court to rectify its own mistakes.[2] As this court stated in *Hein v. Theil,* 274 Or

---

[1] ORS 18.160 states as follows:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

[2] The majority cites two cases in which this court upheld trial judges who refused to set aside judgments against litigants who had been misled by the clerk or by the court, and one case in which this court refused to hear an appeal from a decree which had been vacated and re-entered to meet the filing deadline. *See Tongue v. Brewster,* 35 Or 228, 58 P 38 (1899); *Haas v. Scott,* 115 Or 580, 239 P 202 (1925); *Western Land, etc. Co. v. Humfeld,* 118 Or 416, 247 P 143 (1926). However, as the majority concedes, those cases

715, 724, 549 P2d 514, 518-19 (1976), "Even aside from the provisions of ORS 18.160 * * * it has been recognized that the courts of Oregon have inherent power to correct a mistake in a judgment within a reasonable time after its entry." We have upheld circuit courts in the exercise of their inherent power in a broad range of circumstances,[3] but the majority holds that its application in this instance would circumvent the requirements of ORS 19.033(2).[4] That statute imposes a prerequisite to the assumption of jurisdiction by an appellate court: the notice of appeal must be served and filed within 30 days of the entry of judgment. It does not follow, however, that the trial court's authority to determine when the clock starts to run is thereby limited. The language chosen by the legislature, "The serving and filing of the notice of appeal * * * is jurisdictional," suggests that the prohibition against waiver or extension of the filing deadline is addressed to the appellate court, not the trial judge.

Of course the trial court must have good cause to set aside a judgment for any reason. The inherent power

were decided at a time when a common-law rule required the court to exercise its inherent power to correct a mistake in a judgment within the term during which the judgment was entered. In the latter two cases the Supreme Court said plainly that the term during which the decree was entered had expired by the time the losing party moved to set aside the judgment. 115 Or at 587; 118 Or at 420. The court in *Tongue v. Brewster* did not even consider the inherent power of the trial court to correct its own mistakes. Perhaps a new term had commenced by the time defendant moved to set aside the judgment, or perhaps defendant neglected to plead that ground for relief. Whatever the reason, the legislature in 1959 enacted ORS 1.055, quoted by the majority, which removed the stricture of the common-law rule. Unlike the court in *Tongue,* we must consider the inherent power of a circuit court judge to (temporarily) set aside a judgment in the circumstances of this case.

[3] *See, e.g., Braat v. Andrews,* 266 Or 537, 514 P2d 540 (1973) (upholding the modification of a judgment to include an award for attorney fees); *Morphet v. Morphet,* 263 Or 311, 502 P2d 255 (1972) (affirming order setting aside previous dismissal of case for want of prosecution); *Finch v. Pacific Reduction Etc. Co.,* 113 Or 670, 234 P 296 (1925) (affirming order vacating default judgment against defendant who had not received service of process).

[4] The text of ORS 19.033(2) appears in the majority opinion, 287 Or at 659, 601 P2d at 1240.

to correct or set aside a judgment is subject to the sound discretion of the court. *Wells v. Wells,* 262 Or 44, 496 P2d 718, 721 (1972). Our decisions reviewing the exercise of the inherent power turn on the presence or absence of the same equitable considerations which the legislature incorporated into ORS 18.160. A trial court that set aside a judgment without good cause could be reversed for abuse of discretion. *Sackett v. Mitchell,* 264 Or 396, 398, 505 P2d 1136, 1137 (1973).

Other courts have upheld the use of the inherent power to rectify the type of mistake which the court committed here. In *Hill v. Hawes,* 320 US 520, 64 S Ct 334, 88 L Ed 283 (1944), *rehr den,* 321 US 801, 64 S Ct 515, 88 L Ed 1088 (1944), a district court judge dismissed a complaint, but the clerk failed to notify the parties of the entry of judgment, as required by Fed R Civ P 77(d). Because of this breach the plaintiff failed to file a timely notice of appeal. The case for relief was less compelling than in this case, because the appellant in *Hill v. Hawes* received no assurances from the judge. Nevertheless the trial judge vacated the judgment and filed a new one, of identical content. The Court of Appeals reversed, reasoning that the action of the trial judge would "make a dead letter of our rule fixing a definite time for appeal." *Hill v. Hawes,* 76 US AppDC 168, 132 F2d 569, 572 (DC Cir 1942). But the Supreme Court again reversed, holding that the trial court had the inherent power,[5] "in the exercise of a sound discretion," to vacate and re-enter the judgment. 320 US at 524. The reason given by the Supreme Court for its holding applies directly to the facts of this case:

> "It is true that Rule 77(d) does not purport to attach any consequence to the failure of the clerk to give the prescribed notice; but we can think of no

---

[5] The Supreme Court rested its holding on the inherent power of the court, rather than on the federal rule which closely resembles ORS 18.160, because the mistake involved in the omission to mail notice of the judgment was that of the clerk, not the appellant. Fed R Civ P 60(b), like ORS 18.160, authorized the court to relieve a party only from *his* mistake, inadvertence, surprise or excusable neglect. 320 US at 524 (incorporating a conclusion of the Court of Appeals, 132 F2d at 571).

reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given." 320 US at 523.

In reviewing the exercise of the inherent power by a trial court judge, we should confine our inquiry to the narrow question of whether the court abused its discretion in setting aside the judgment. *Bella v. Aurora Air, Inc.,* 279 Or 13, 16, 566 P2d 489, 491 (1977); *Sackett v. Mitchell,* 264 Or 396, 398, 505 P2d 1136, 1137 (1973); *In re Marks Estate,* 81 Or 632, 636, 160 P 540, 541 (1916). While the term "abuse of discretion" has no hard and fast meaning, this court has defined it as action which "exceeds the bounds of reason," or which is "clearly against reason and evidence." *Casciato v. Oregon Liquor Control Commission,* 181 Or 707, 185 P2d 246, 249 (1947).

The mistakes of the trial court and of the clerk constitute grounds enough to sustain the contested order, under the narrow standard to which we should properly confine our review. For this reason, and for those outlined above, I dissent.

Peterson, J., joins in this dissent.