Argued and submitted January 30, reversed May 26, 1981

# R. D. FITZGERALD & SONS, INC.,
*Respondent,*
*v.*
## BANKS,
*Appellant.*

(No. 32188, CA 17690)

628 P2d 760

W. A. Jerry North, Portland, argued the cause for appellant. With him on the brief were Katherine H. O'Neil and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

In January, 1976, defendant, a general contractor, retained the services of plaintiff in connection with the construction of a dwelling in Multnomah County. As a result of plaintiff's alleged negligence in the performance of the work, the foundation of the home became cracked and was repaired by defendant at a cost of approximately $3,044. For his work, plaintiff billed defendant $1,114.50, which defendant refused to pay. In September, plaintiff brought an action against defendant for the reasonable value of his services. Defendant then obtained an open extension of time to file an appearance from plaintiff's attorney in order to attempt to negotiate his claim for $3,044 with plaintiff's insurance carrier. Negotiations did not result in a settlement, and on October 5, 1977, plaintiff's attorney requested that defendant file an appearance.

After plaintiff filed its complaint in September, 1976, there had been no activity on the case reflected in the Clackamas County District Court's file. Therefore, in accordance with ORS 46.270, on about October 28, 1977, plaintiff was notified by the court as follows:

"You are hereby notified that the above-entitled cause will be dismissed for want of prosecution unless some action is taken therein on or before December 30 (12/30/77) at 10:00 a.m. by order of (Judge Mulvey) George D. Poppen, Clerk."

On November 3, 1977, in response to plaintiff's October 5, 1977, demand for an appearance, defendant made an offer of settlement and requested an additional extension of time pending acceptance or rejection of the settlement offer. Plaintiff's attorney did not respond to the settlement letter or move for a default. On December 30, in accordance with the notice from the District Court of Clackamas County, plaintiff's complaint was dismissed for want of prosecution. Defendant's answer and counterclaim, filed on January 16, 1978, was returned to defendant by the court with the comment that the matter had been dismissed for want of prosecution.

No further communication occurred between the parties, and defendant proceeded to settle his counterclaim

with plaintiff's insurance carrier. Nine months later, on September 27, 1978, plaintiff filed a motion to reinstate the case pursuant to the provisions of ORS 18.160. The motion to reinstate was accompanied by the affidavit of plaintiff's former attorney, which stated in substance that, in late November or early December, 1977, he had received notice from the court of its intent to dismiss plaintiff's complaint on December 30, 1977, and that he then demanded an appearance from defendant. Subsequently, he received defendant's answer on January 14 or 15, 1978, and was informed by the clerk of the court that the case had not been dismissed. Subsequently, in February or March, 1978, he requested that the clerk's office set the case for trial and was not advised at that time that the case had been dismissed. His reply to the counterclaim filed on July 28, 1978, was not returned to his office but was included in the District Court file. Based upon the former attorney's affidavit, the matter was reinstated over defendant's objection.

Trial was had on April 3, 1980, resulting in a judgment in favor of plaintiff. Defendant appeals from the order reinstating the case under the provisions of ORS 18.160, contending that the trial court abused its discretion.[1] ORS 18.160 provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceedings against him through his mistake, inadvertence, surprise or excusable neglect."

The former attorney conceded in his affidavit that

"[d]uring the latter part of November, or the first days of December, 1977, I received notice from the court of an intent to dismiss plaintiff's complaint on December 30, 1977. This notice was received by a form card issued over the signature of Judge ROBERT M. MULVEY.

"Upon the receipt of the notice, I contacted JERRY NORTH, the attorney for defendant, and made demand for an appearance by defendant."

When defendant failed to appear, plaintiff's attorney could only protect the interest of his client by applying for

---

[1] In view of the disposition we make of this case, we do not reach defendant's second assignment of error that the terms of the reinstatement were unjust.

an order of default or other relief from the court. From the record, it appears that he did nothing whatsoever to ascertain the status of the case until more than two weeks after the order dismissing the complaint had been entered. At that time, upon receiving defendant's answer, he inquired of the court clerk as to the status of the case. The clerk erroneously advised him that the matter was still pending.

Numerous cases have held that erroneous advice received from judges or court functionaries concerning the status of a case does not constitute mistake, inadvertence, surprise or excusable neglect justifying relief under the provisions of ORS 18.160. *See Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979), and cases cited therein. In any event, as noted in *Far West Landscaping v. Modern Merchandising, supra,* ORS 18.160 can never apply to the factual situation before the court here.

> "The statute gives the trial judge authority to set aside a 'judgment taken through mistake, inadvertence, surprise or excusable neglect.' This judgment was not so taken. It *had been taken* several days before the facts upon which the defendant now depends even occurred." 287 Or at 657. [Emphasis in original.]

Here, as in *Far West Landscaping v. Modern Merchandising, supra,* plaintiff does not really contend that any event *preceding* the dismissal for want of prosecution misled him into believing that the dismissal would not occur on December 30, 1977, as he was concededly advised by the trial court. He contends only that *thereafter* he was erroneously advised as to the status of the case. Such erroneous advice after the case had been dismissed did not work to plaintiff's prejudice. It was plaintiff's neglect to pursue his claim that resulted in the dismissal.

Under the facts stated in plaintiff's affidavit, the trial court did not have discretion to reinstate plaintiff's case under the provisions of ORS 18.160.

Reversed.