# PORTLAND GENERAL ELECTRIC COMPANY
*v.*
## DEPARTMENT OF REVENUE

John C. Edwardsen, Phillips, Coughlin, Buell, Stoloff & Black, Portland, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision and order modifying decree rendered May 9, 1978.

CARLISLE B. ROBERTS, Judge.

Plaintiff has moved the court to exercise its continuing jurisdiction to reopen this case, pursuant to ORS 18.160 and *Braat v. Andrews,* 266 Or 537, 514 P2d 540 (1973), in order to modify its decree (entered on March 24, 1977, and previously modified on February 21, 1978), by one further specification.

Plaintiff's motion results from a disagreement regarding the proper method of computing the interest on the tax refunds due plaintiff as a result of the court's decision. The disagreement centers on the proper interpretation to be given to ORS 311.812(3), which provides in relevant part:

> "The interest provided by subsection (2) of this section shall be paid at the rate provided in subsection (2) of ORS 311.505 computed from the time the tax was paid or from the time the first instalment thereof was due whichever is the later. * * *"

Under this statute, if a tax is subsequently determined to have been overpaid, is the overpayment to be allocated proportionately to the four instalments (as argued by plaintiff) or is the overpayment deemed to occur when the cumulated payments first exceed the correct total (as contended by the defendant)?

██ "Interest" means compensation for the use or forbearance of another's money. Applying this definition to the instant situation, the government had the use of the taxpayer's money when the government received from the plaintiff a tax payment in excess of that which was due. Since the statute requires the government to pay interest on property tax refunds, ORS 311.812(3) should be construed to require the government to pay interest on property tax refunds for the entire time it has the use of the taxpayer's money, if such a construction reasonably comports with the statutory language.

██ The statute directs that interest is to be "computed from the time the tax was paid" (but not for any

period prior to the due date of the first instalment). The "tax" is obviously the excess tax being refunded to the taxpayer. This leaves the court to determine when the excess tax was paid. ORS 311.812 is silent in this regard. To fill this gap, the court seeks to ascertain the legislative intent. When ascertaining such intent for a particular statute, it is proper to consider other statutes *in pari materia. Clarkston v. Bridge,* 273 Or 68, 539 P2d 1094 (1975); *Kankkonen v. Hendrickson et al,* 232 Or 49, 374 P2d 393, 99 ALR2d 296 (1962). Consequently, the court looks to ORS 311.505 for assistance in determining when the excess tax was paid.

ORS 311.505(1) provides that property taxes shall be paid in equal quarterly instalments. Interest on delinquent payments is imposed by ORS 311.505(2):

> "Interest shall be charged and collected on any taxes *or instalment* thereof, not so paid, at the rate of one percent per month, or fraction of a month until paid." (Emphasis supplied.)

ORS 311.505 effectively limits the taxpayer's obligation by providing that only one-fourth of the year's taxes come due per quarter (but will charge interest on any late payment of an instalment).* Therefore, if a taxpayer eventually succeeds in achieving a property tax reduction, such a reduction serves to reduce proportionately the size of each quarterly instalment the taxpayer believed it was obligated to pay. Each instalment has resulted in an overpayment and the government has had the use of the taxpayer's money from the date of each instalment payment.

■■ The court concludes that the excess tax was paid proportionately with each instalment and the taxpayer is entitled to have interest computed on the

---

*Unlike ORS 316.407(2), which allows income taxes to be paid in quarterly instalments and charges interest on the instalment payments, ORS 311.505 does not charge the taxpayer any interest as long as the instalments are paid on time. Instead, ORS 311.505(3) offers the taxpayer discounts for prepaying one, two or all three of the remaining instalments with the first instalment.

refund from the date of each of those overpayments. This conclusion serves to put the computation of interest on property tax deficiencies and property tax refunds on the same basis.

NOW, THEREFORE, IT IS ORDERED that plaintiff's motion is approved and modification of the decree is hereby granted.

The decree shall be modified to direct that interest on the refund of taxes due plaintiff shall be calculated as though the overpayment of plaintiff's taxes had been made in equal parts, quarterly, for each tax year. Interest shall be computed for each respective quarterly overpayment from the date it was paid (but not before it was due) to the date of refund. The county assessors, tax collectors and county commissioners of the several counties here involved shall take the necessary steps to carry out the requirements of this decision, pursuant to ORS 311.806 and 311.812.