Argued and submitted June 28, 1985, reversed and remanded January 29, reconsideration denied April 11, petition for review denied June 17, 1986 (301 Or 241)

## UNITED ADJUSTERS, INC.,
*Respondent,*

*v.*

## SHAYLOR,
*Appellant.*

(82-C-226457; CA A33147)

713 P2d 687

C. Brian Scott, Portland, argued the cause for appellant. With him on the brief was Danner, Scott & Martin, Portland.

Brian W. O'Brien, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

## PER CURIAM

Plaintiff brought this action to collect two assigned claims. The court granted defendant's motion for summary judgment and entered judgment on April 30, 1983. Plaintiff moved to reconsider the summary judgment. On July 8, 1983, the court vacated the judgment and ordered a new trial. Defendant appealed, and this court dismissed the appeal on its own motion "as from a non-appealable order." The trial court then entered an order on August 7, 1984, vacating defendant's judgment and granting plaintiff a new trial. Defendant appealed again. ORS 19.010(d). We reverse.

A court can only grant a new trial under ORCP 64. Plaintiff's motion to reconsider was a motion for a new trial. *See State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979); *Schmidling v. Dove,* 65 Or App 1, 5, 670 P2d 166 (1983). Although a court has inherent authority, which ORCP 71C recognizes, to set aside, modify or relieve a party from a judgment under some circumstances, *see Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979), ORCP 64 circumscribes its power to grant a new trial. The court did not hear and determine plaintiff's motion within 55 days of April 30, 1983, and the motion was "conclusively" deemed denied. ORCP 64F; *see also Micek v. LeMaster,* 71 Or App 361, 692 P2d 652 (1984), *rev den* 298 Or 773 (1985).

Reversed and remanded with instructions to reinstate judgment for defendant.