Argued and submitted October 14, order modifying judgment vacated; judgment entered June 23, 1987, reinstated *nunc pro tunc* December 21, 1988

In the Matter of the Marriage of

WILLS,
*Appellant,*

*and*

WILLS,
*Respondent.*

(CC 86-3078; CA A47015)

765 P2d 1260

Jeanyse R. Snow, Astoria, argued the cause for appellant. With her on the brief was MacDonald, McCallister & Snow, Astoria.

Stephen L. Roman, Astoria, argued the cause for

respondent. With him on the brief was Zafiratos and Roman, Astoria.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Husband appeals from a post-dissolution order modifying the property division portion of a dissolution judgment.[1] He contends that the trial court lacked authority to enter the order. We vacate it.

The dissolution judgment was entered on June 23, 1987. On June 25, 1987, wife filed a motion for new trial, ORCP 64C, on the grounds that the trial court erred in holding that an inheritance received by husband during the marriage was not a marital asset and in dividing the parties' personal property. In a letter dated August 13, 1987, the court wrote that it would allow the motion and asked wife's attorney "to prepare an appropriate order." Wife's attorney presented an order on August 17, 1987, the 55th day after entry of judgment. On August 24, the trial judge signed the order, which purported to grant the motion for new trial and amend the judgment; the order was entered on August 25, 1987.

On September 18, 1987, husband moved to strike the August 25 order on the ground that it was granted after the 55 days allowed for ruling on a motion for new trial. ORCP 64F. On October 8, wife moved for relief from the judgment, citing ORCP 71B(1)(a) and 71C. The parties agree that the grounds for that motion were the same as those offered in support of the motion for new trial.[2] Moreover, the relief sought in wife's Rule 71 motion was the same as the relief sought in her Rule 64 motion.

The trial court granted husband's motion to strike the order granting a new trial and amending the judgment, but it produced the same result as that order would have by allowing wife's Rule 71 motion and again amending the judgment. The trial court relied on ORCP 71B(1)(a) and ORCP 71C. Neither rule supports what the trial court did.

■    A trial court may use its powers under ORCP 71C to

---

[1] The order is appealable. ORS 19.010(2)(c).

[2] Wife's Rule 64 and Rule 71 motions also contained arguments pertaining to an insurance policy and a sale of business assets. The arguments with respect to those issues were not identical in the two motions. However, the court vacated the order granting a new trial and denied the portions of the Rule 71 motion regarding the insurance policy and business assets. Accordingly, those issues do not affect our disposition.

modify the property division portion of a dissolution judgment only on a showing of extraordinary circumstances, such as fraud or overreaching. *Renninger and Renninger,* 82 Or App 706, 712, 730 P2d 37 (1986). There is no evidence (or claim) of extraordinary circumstances. Accordingly, ORCP 71C provides no authority to allow wife's motion.

Wife argues that the trial court's alleged "mistake" in disposing of husband's inheritance and the couple's personal property permits relief pursuant to ORCP 71B(1)(a). What wife effectively sought to do was to obtain a new trial under a rule other than ORCP 64C. Her Rule 71 motion offered no different grounds or arguments than did her motion for new trial. Whatever the meaning of "mistake," ORCP 71 cannot be used as a subterfuge to avoid ORCP 64C.[3] *See Far West Landscaping v. Modern Merchandising,* 287 Or 653, 659, 601 P2d 1237 (1979); *United Adjusters, Inc. v. Shaylor,* 77 Or App 510, 511, 713 P2d 687, *rev den* 301 Or 241 (1986).

Order modifying judgment vacated; judgment entered on June 23, 1987, reinstated *nunc pro tunc.* Costs to husband.

---

[3] We need not decide whether our review is for errors of law or abuse of discretion. *See Pacheco v. Blatchford,* 91 Or App 390, 392 n 2, 754 P2d 1219, *rev den* 306 Or 660 (1988). Under either standard, the trial court's granting of wife's motion was reversible error.