Agrued and submitted March 10, affirmed on appeal and on cross-appeal
October 11, 1989

# GUENTHER,
### dba Sunshine Hair Design,
*Respondent - Cross-Appellant,*

*v.*

# MARTINEZ,
*Appellant - Cross-Respondent.*

(87C-11525; CA A49491)

780 P2d 799

Don A. Dickey, Salem, argued the cause for appellant - cross-respondent. With him on the briefs was Douglas, Carson, Dickey & Lynch, P.C., Salem.

Philip J. Hand, Woodburn, argued the cause for respondent - cross-appellant. With him on the brief was Klein & Hand, P.C., Woodburn.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Graber, P. J., dissenting.

## EDMONDS, J.

Defendant appeals from an "amended" judgment that enjoins her from competing with plaintiff's business, and plaintiff cross-appeals. On the merits, we affirm. We write only to discuss a procedural issue that is not raised by the parties.

Judgment was originally entered on February 2, 1988. Defendant filed a notice of appeal on February 28. Plaintiff filed her cross-appeal on March 9. On April 22, 1988, the trial court held a conference with counsel regarding the appeals and a pending contempt proceeding for an alleged violation of the injunction. The trial court concluded that it had erred in entering judgment. The parties agreed to dismiss their appeals. We allowed their motion to dismiss on May 6. On May 11, the parties jointly moved for an order vacating the February 2 judgment, and the trial court granted their motion. The trial court then reconsidered the entire case, rendered a decision, and memorialized it in an "amended" judgment that is the subject of these appeals.

The issue is whether the trial judge had authority to grant the joint motion of the parties to vacate the original judgment and to grant a new trial when the judgment was vacated more than 55 days after its entry. In *United Adjusters, Inc. v. Shaylor,* 77 Or App 510, 511, 713 P2d 687, *rev den* 301 Or 241(1986), we held that a court may only grant a new trial under ORCP 64F[1] and that a motion to reconsider a summary judgment is a motion for a new trial. Because the trial court did not determine the motion to reconsider within 55 days after entry of the judgment, as required by ORCP 64F, the motion was conclusively deemed denied, and the court was without authority to vacate the judgment. By analogy, the dissent would hold here that the trial court lacked authority to

---

[1] ORCP 64F states:

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed not later than 10 days after the entry of the judgment sought to be set aside, or such further time as the court may allow. When the adverse party is entitled to oppose the motion by counteraffidavits, such party shall file the same within 10 days after the filing of the motion, or such further time as the court may allow. The motion shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

grant the parties' joint motion, because more than 55 days had expired from the date of the original judgment.

We hold that, by their stipulation, the parties invoked the authority of the trial court to decide the issues anew and thereby waived any rights accruing under ORCP 64F. ORCP 64F expresses the policy of bringing litigation to a definite conclusion after a decision on the merits has been reached and a motion for a new trial has been made by an aggrieved party. *See State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979). That policy does not prohibit the parties from jointly agreeing to a new trial. Because of their joint agreement, ORCP 64F is inapplicable.[2]

Affirmed on appeal and on cross-appeal.

**GRABER, P. J.,** dissenting.

Because I disagree with the majority's unsupported, albeit compassionate, circumvention of the rules of civil procedure, I dissent. What the trial court did was try the case anew. For that reason, the pertinent analysis is under ORCP 64.

Judgment was originally entered on February 2, 1988. Defendant filed a notice of appeal on February 28; plaintiff filed a notice of cross-appeal on March 9. The appeal and cross-appeal were timely. ORS 19.026(1) and (3). Before the notice of appeal was filed, plaintiff had initiated a proceeding in the trial court to have defendant held in contempt for her alleged failure to comply with the injunction. Defendant countered by seeking a stay pending the outcome of the appeal, in connection with the filing of the notice of appeal and a bond. The trial court held a conference with counsel on those matters on April 22. The court concluded that it had "erred as to the law in entering the judgment" and persuaded the parties to dismiss the appeal and cross-appeal, so that the court could reconsider the merits of the case in its entirety. The court

---

[2] An example of the ability of litigants to invoke a trial court's authority to act after judgment is found in ORCP 71C, which recognizes "the power of a court to entertain an independent action to relieve a party from a judgment." The trial court would have been authorized to decide the issues framed by the parties' stipulation if new pleadings had been filed in a new action seeking vacation of the judgment. What the parties did by their stipulation was use the previous pleadings in lieu of new pleadings to frame the issues and to avoid the cost of initiating an independent action.

apparently recognized that it otherwise had no jurisdiction to order a new trial after the notice of appeal had been filed. *See* ORS 19.033(1); *State ex rel Gattman v. Abraham,* 302 Or 301, 310-11, 729 P2d 560 (1986). The parties agreed and moved to dismiss the appeal and the cross-appeal. We allowed the motion on May 6. On May 11, the parties moved jointly for, and the trial court granted, an "Order Vacating [the February 2] Judgment and For Further Proceedings."

Thereafter, the parties submitted memoranda of law, and the court reconsidered the entire case on its merits. The original trial also had been to the court. On July 26, 1988, an amended judgment, which happened to be identical to the original one, was entered. Defendant filed a notice of appeal from that judgment on August 26, and plaintiff filed a notice of cross-appeal on September 6. Those are the matters presently before us.

In my view, the trial court was without authority to order "further proceedings" when it did.

"Although a court has inherent authority, which ORCP 71C recognizes, to set aside, modify or relieve a party from a judgment under some circumstances, *see Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979), ORCP 64 circumscribes its power to grant a new trial." *United Adjusters, Inc. v. Shaylor,* 77 Or App 510, 511, 713 P2d 687, *rev den* 301 Or 241 (1986).

In *United Adjusters,* the trial court granted a motion for summary judgment and entered judgment for the defendant on April 30, 1983. The plaintiff timely moved for reconsideration (that is, for a new trial). More than 55 days after entry of the judgment, the court vacated the judgment and ordered a new trial. We held that, under ORCP 64F, the motion was conclusively deemed denied after 55 days. The majority here holds that the parties, by stipulation, "waived any rights accruing under ORCP 64F." 98 Or App at 738. The point of *United Adjusters* is that ORCP 64 does not merely create "rights" for the parties; it also limits the court's authority.

Notwithstanding the majority's attempt to characterize the proceeding here as something different, *in substance* what the trial court did was to order a new trial, because it reconsidered the whole case—both the facts and the law—on the merits. *See State ex rel State Farm Mutual Auto. Ins. Co. v.*

*Olsen,* 285 Or 179, 182-83, 590 P2d 231 (1979). For that reason, the parties' characterization of the motion as one under ORCP 71B(1) is inaccurate, *see Wills and Wills,* 94 Or App 546, 765 P2d 1260 (1988), as is the majority's view that the parties in effect refiled the case anew. The motion of May 11 was not filed within the ten days allowed by ORCP 64F.[1] Moreover, although ORCP 64G authorizes the court to order a new trial on its own initiative, that interpretation of events would not change the result, because such an order must be made within 30 days after the entry of judgment. *See Maulding v. Clackamas County,* 278 Or 359, 362, 563 P2d 731 (1977). The order of May 11 was not entered within 30 days of the February 2 judgment.[2]

I would reverse and remand with instructions to reinstate the judgment entered on February 2, 1988, and, accordingly, I dissent.

---

[1] Even if it could be said that the trial court allowed "further time" for the filing of the motion within the meaning of ORCP 64F, the court did not rule on it within 55 days from the entry of judgment. Therefore, any motion was "conclusively * * * deemed denied."

[2] Even if the time limit under ORCP 64G was tolled while this court had jurisdiction, *see Alternative Realty v. Michaels,* 90 Or App 280, 287, 753 P2d 419 (1988), the order was not entered within 30 days.