On respondents Sizheng Lei, M.D., and Oregon Anesthesiology Group's motion to dismiss appeal filed May 28; respondent Legacy Good Samaritan Hospital's motion to dismiss appeal filed June 4; appellant's response in opposition to defendants Lei and Oregon Anesthesiology Group's motion to dismiss appeal filed June 7; respondents Sizheng Lei, M.D., and Oregon Anesthesiology Group's reply regarding motion to dismiss filed June 11; appellant's response in opposition to respondent Legacy Good Samaritan Hospital's motion to dismiss appeal filed June 11; and respondent Legacy Good Samaritan Hospital's reply to appellant's response to motion to dismiss filed June 16, appeal dismissed November 24, 2004, petition for review denied April 5, 2005 (338 Or 375)

Sherry L. WHITE,
as Personal Representative of the Estate of
Vernon White, decedent,
*Appellant,*

*v.*

Sizheng LEI, M.D.,
an individual;
Oregon Anesthesiology Group, P.C.,
an active Oregon professional corporation;
and Legacy Good Samaritan Hospital,
an active Oregon nonprofit corporation,
*Respondents.*

0201-00521; A124879

101 P3d 368

Janet M. Schroer and Hoffman, Hart & Wagner, LLP, and Lindsey H. Hughes and Keating Jones Bildstein & Hughes, P.C., for motion.

Gerald C. Doblie and Doblie & Associates *contra*.

Before Linder, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.

BREWER, C. J.

**BREWER, C. J.**

Plaintiff appeals from a judgment signed by the trial judge on January 26, 2004, but not entered in the trial court register until February 9, 2004. On February 5, 2004, plaintiff filed a motion for a new trial. Pursuant to ORCP 64 F,[1] 55 days after entry of the judgment fell on April 5, 2004, and a notice of appeal was due on May 5, 2004. However, plaintiff did not file a notice of appeal until May 27, 2004. Accordingly, defendants have moved to dismiss the appeal on the ground that the notice of appeal was filed more than 30 days after the date that the motion for a new trial was deemed denied. For the reasons that follow, we grant the motion and dismiss the appeal.

Plaintiff argues that the parties waived the 55-day time limitation in ORCP 64 F by agreeing to reschedule a hearing on the motion for a new trial to April 13, 2004, more than 55 days after the judgment was entered. The hearing was set for March 29, 2004, but plaintiff's counsel had a medical emergency in his family and asked the court to take it off the calendar. Defendants agreed to the postponement. Plaintiff now asserts that, by so agreeing, defendants also agreed to waive the 55-day time limit in ORCP 64. In support of that proposition, plaintiff relies on *Guenther v. Martinez,* 98 Or App 735, 780 P2d 799 (1989).

In *Guenther*, the issue was whether the trial judge lacked authority to grant the parties' joint motion to vacate the original judgment and to grant a new trial more than 55 days after its entry. Although the appeal was taken from an amended judgment entered after the new trial had occurred, this court's jurisdiction was at issue because of the requirement in ORCP 64 F that the motion must be ruled on "within 55 days from the time of the entry of the judgment, and not

---

[1] ORCP 64 F provides:

"A motion to set aside a judgment and for a new trial, with the affidavits or declarations, if any, in support thereof, shall be filed not later than 10 days after the entry of the judgment sought to be set aside, or such further time as the court may allow. * * * The motion shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

thereafter." We held that, "by their stipulation, the parties invoked the authority of the trial court to decide the issues anew and thereby waived any rights accruing under ORCP 64 F." *Guenther*, 98 Or App at 738.

*Guenther* does not control this case. We understand that defendants did nothing more than agree to reschedule the hearing on the motion for a new trial. They neither suggested the new hearing date nor stipulated to vacating the judgment, and the original judgment remains in force. Thus, under the circumstances of this case, plaintiff was required to file a notice of appeal within 30 days of the date that the motion for a new trial was deemed denied. Because she did not do so, the notice of appeal was untimely. We grant the motion to dismiss.

Appeal dismissed.