Argued and submitted April 15, 2010, reversed and remanded March 9,
petition for review denied July 28, 2011 (350 Or 571)

Elizabeth D. BENSON
and Virgene F. Blair,
*Plaintiffs-Respondents,*

*v.*

Joseph F. HARRELL,
*Defendant-Appellant.*

Columbia County Circuit Court
062440; A140873

251 P3d 203

Matthew J. Andersen argued the cause and filed the briefs for appellant.

James D. Huffman argued the cause and filed the brief for respondent Virgene F. Blair.

No appearance for respondent Elizabeth D. Benson.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

ORTEGA, P. J.

## ORTEGA, P. J.

This appeal arises from a civil case in which plaintiffs, Benson and Blair, alleged that defendant had breached an agreement to purchase a truck from them. The case was sent to mandatory court-annexed arbitration, where defendant eventually prevailed and was awarded attorney fees. Accordingly, the trial court entered a general judgment pursuant to which plaintiffs were to pay defendant the sum of $4,635.50. After defendant began collection proceedings, Blair filed a motion seeking to have the judgment against her set aside, arguing for the first time that she had been mistakenly named as a plaintiff in the case by Woodard, the attorney who filed the complaint, and contending that she should never have been a plaintiff because she could not have obtained relief. The trial court ultimately granted Blair's motion, entering a general judgment setting aside the prior judgment against Blair and dismissing her as a party to the case. Defendant now appeals, asserting that the trial court erred in setting aside the judgment. We agree with defendant and, accordingly, reverse and remand.

In 2006, plaintiffs' complaint was filed in circuit court alleging that defendant had breached a contract relating to his purchase of a truck from Benson and Blair. According to the complaint, defendant agreed to pay Benson and Blair each a sum of money and did pay Blair but failed to pay Benson. Furthermore, the complaint alleged that defendant had falsely altered a bill of sale to show that the truck was paid for and presented that bill of sale to the Department of Motor Vehicles and, thereby, obtained clear title to the truck. Plaintiffs sought either a return of the truck or payment of the amount they alleged was still owed. In addition, they sought attorney fees and costs. Defendant answered and admitted to having purchased the truck from Blair, but denied any agreement to pay Benson. Defendant also sought attorney fees and costs in the event that he prevailed against plaintiffs.

As noted, the case was sent to mandatory arbitration. Blair submitted to a deposition before the hearing and testified during the hearing itself. Afterward, the arbitrator

entered an award denying both plaintiffs any recovery, finding defendant to be the prevailing party, and awarding defendant his costs and attorney fees pursuant to ORS 20.082. The trial court entered a judgment consistent with the arbitration award.

Following defendant's efforts to collect on the judgment by garnishing Blair's bank account, Blair filed a motion asking the court to set aside the judgment against her "for the reason that it was obtained by surprise, mistake and excusable neglect." At the same time, she filed a motion asking "for an order dismissing her from this suit" under ORCP 21 A because, among other things, (1) there was no justiciable controversy pleaded between Blair and defendant; (2) Blair did not consent to being named a plaintiff and "there was never any service of process" upon her; and (3) the complaint does not "state a claim for relief on the part of * * * Blair." In support of her motion to set aside the judgment, Blair filed an affidavit stating that she had not hired Woodard as an attorney, had been included in the complaint by mistake, and "was never informed that [her] name was on the papers."

Along with his opposition to the motion, defendant filed affidavits from his attorney and the arbitrator who heard the case, along with Blair's deposition transcript and letters from Woodard to defendant and to the arbitrator. The arbitrator's affidavit stated that Woodard had, without any indication to the contrary from Blair, represented himself to be Blair's attorney at the arbitration. According to the arbitrator, "Blair stated in her testimony that she was entitled to the return of the truck to her" from defendant and, in addition,

"[defendant's attorney] brought a motion to dismiss * * * Blair's claims at the beginning of the arbitration hearing. [Defendant's attorney] argued that * * * Blair had no valid claims against [defendant]. * * * Blair's attorney argued that * * * Blair was entitled to return of the vehicle. * * * Blair sat there and listened to the arguments and said nothing. I denied [defendant's] motion."

The deposition testimony reflected that, at the beginning of the deposition, defendant's attorney gave Blair a copy of the complaint "that [her] attorney filed" and asked her to look it

over, stating, "I'd like you to read that and if there's anything in there you don't feel is accurate, I'd like you to point it out to me." Blair indicated that, with the possible exception of a discrepancy in the amounts owed to her and Benson, the complaint was accurate.

The court held hearings on the motions and heard testimony from Blair and Woodard and arguments from counsel. Blair testified that she had not hired Woodard as her attorney, had not intended to be a plaintiff in the case, and did not understand that she was one until after her bank account was garnished. According to Woodard, however, although he did not have a written retainer agreement with her, he had believed Blair to be his client and had named her as a plaintiff because he thought her to be a necessary party to the case. He also stated that he had represented Blair during her deposition and had met with her to prepare for trial, but that the majority of his communications were with Benson "because she had a cell phone."

After the hearings, the trial court issued a letter opinion with factual findings and conclusions based on the exhibits that had been filed, along with the testimony at the hearing. The court found as follows:

"The Court finds counsel * * * Woodard, attorney for * * * Benson, believed he was representing * * * Blair.

"The Court also finds * * * Blair did not ever sign a retainer agreement with * * * Woodard, attorney for * * * Benson.

"At all material times herein, during the course of this suit, * * * Woodard treated * * * Blair like a client, except he communicated indirectly with * * * Blair through * * * Benson.

"The Court finds the initial lawsuit in this case filed by * * * Woodard named * * * Blair as a plaintiff.

"The Court finds at the arbitration of this case, between * * * Benson, * * * Blair, and [defendant], wherein * * * Woodard represented, at least in his own mind, * * * Blair and * * * Benson against [defendant] and his counsel * * *[,] Blair acted like a party at all times.

"The Court finds that * * * Blair did not have any actual loss resulting from an alleged breach of contract by [defendant].

"The Court also finds any replevin action requested by * * * Woodard, was a general replevin simply stating 'plaintiffs pray for the following relief: (a) for the return of their vehicle or, in the alternative, for the payment of the sum owing plus interest;' However, * * * Blair could not have kept the vehicle if returned. It would have gone to * * * Benson.

"The Court also finds [the a]rbitrator * * * believed * * * Blair was a party apparently based upon his review of the pleadings and the testimony at the arbitration.

*"The Court cannot discern any possibility of damages that could have been recovered by * * * Blair, nor could * * * Blair have received the vehicle in replevin, and as such she was not entitled to any incidental damages or attorney fees and was in fact, on a legal basis only, a mere witness.*

"This case was poorly handled by counsel for the [p]laintiff which carried over into the misconception of all concerned. * * * Blair is not a party to this case, and is not subject to having a [j]udgment taken against her as a party to this case."

(Emphasis added.) The court granted the motion to set aside the judgment, apparently based on mistake pursuant to ORCP 71 B(1), and entered a judgment dismissing Blair as a party.

ORCP 71 B(1) provides, in relevant part, "On motion or upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect * * *." We review the trial court's decision on a motion to set aside the judgment for abuse of discretion. *Owens and Owens*, 182 Or App 473, 477, 49 P3d 111 (2002). Although, when a judgment is taken by mistake, the trial court has discretion regarding whether to allow relief from that judgment, *see Old Republic Surety Co. v. McIlwain*, 115 Or App 615, 618, 839 P2d 743 (1992), that discretion is not unfettered, but is controlled by fixed legal principles. *Hiatt v. Congoleum Industries, Inc.*, 279 Or 569, 574, 569 P2d 567

(1977); *see also State ex rel Johnson v. Bail,* 140 Or App 335, 339, 915 P2d 439 (1996). The court's discretion "should be exercised to conform with the spirit of the statute and not to defeat the ends of substantial justice." *Coleman v. Meyer,* 261 Or 129, 134, 493 P2d 48 (1972). Furthermore, although the trial court's ultimate determination granting relief from a judgment under ORCP 71 B is reviewed for an abuse of discretion, the issue of whether a mistake has been demonstrated is reviewed for legal error. *See Saldivar v. Roberts,* 240 Or App 371, 376, 246 P3d 91 (2011).

■    On appeal, defendant contends that the trial court erred in setting aside the judgment because, given the trial court's findings that Blair "at all times behaved [as] if she was a party to this action, that her attorney believed she was a party in this action, that opposing counsel believed she was a party to this action, and the arbitrator believed she was a party" in the case, "there was no mistake[.]" Specifically, according to defendant, "[a]t the heart of the trial court's ruling was the court's belief that attorney Woodard did a poor job of handling the case" and that the claims were "doomed to fail from the very beginning[,]" but that is not a basis for relief under ORCP 71 B. Blair, in turn, asserts that the trial court properly granted relief because Woodard was "not authorized to act as [her] attorney" and, therefore, his "mistake" of naming her as a plaintiff "cannot be held against her."

We begin by noting that the premises of Blair's argument—that she did not know that she was a party to the case and that her inclusion in the case as a plaintiff was unauthorized and, factually, a mistake—are not supported by the trial court's findings, nor were they a basis for the trial court's decision. The trial court did *not* find that Blair was unaware that she had been named as a plaintiff in this case and, in fact, found that she "acted like a party at all times" and that other people involved in the case, therefore, believed her to be a party. Although the court did find that Blair did not sign a retainer agreement, it did not find as fact that Woodard had never been authorized to act as her attorney, nor did it base its ruling on those considerations. Instead, the trial court granted Blair's motion to set aside the judgment based on its conclusion that she could not obtain relief—that

she "did not have any actual loss"—and that, therefore, *"on a legal basis only*, [she was] a mere witness." (Emphasis added.) In other words, the "mistake" on which the trial court apparently based its ruling was the mistake of filing a claim that should never have been brought and upon which Blair could not have recovered anything. That does not justify relief from the judgment pursuant to ORCP 71 B(1).

Whatever "mistake" means, ORCP 71 B(1) does not exist to save a party from the consequences of bringing an ill-advised case. *Cf. Wills and Wills*, 94 Or App 546, 549, 765 P2d 1260 (1988) ("Whatever the meaning of 'mistake,' ORCP 71 cannot be used as a subterfuge to avoid" the rule governing new trials.). Blair was named as a plaintiff in the complaint and attended depositions and the arbitration in the case. The judgment was based on an arbitration award after a full hearing in which all parties participated. Defendant was required to defend the case, and successfully did so, and the arbitrator determined that he was legally entitled to attorney fees. The trial court's conclusion that Blair's claim should never have been filed and that "on a legal basis" she was only a witness to the transaction is simply not a "mistake" for which the rule provides a remedy. Such an application of the rule would do "violence to the regular disposition of litigation." *Gilbert v. Stancorp Financial Group Inc.*, 233 Or App 57, 61, 225 P3d 71 (2009), *rev den*, 348 Or 218 (2010) (internal quotation marks omitted). Thus, we conclude that the trial court's findings do not support relief pursuant to ORCP 71 B and that the trial court abused its discretion in granting such relief. *Cf. Patrick v. State of Oregon*, 178 Or App 97, 105, 36 P3d 976 (2001) ("A trial court has no discretion * * * to vacate or modify its own judgment for the sole purpose of contravening or circumventing other important limitations that flow from the finality of judgments * * *.").

Reversed and remanded.